IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| G. FEDALE GENERAL CONTRACTORS, LLC d/b/a G. FEDALE ROOFING AND SIDING CONTRACTORS,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR SCOTT PRELLE, et al.,<br><br>    Defendants. | Civ. Action No. 17-178-RGA<br>Court of Common Pleas of the<br>State of Delaware in and for New<br>New Castle County<br>C.A. No. CPU4-16-001553 |

Victoria Kathryn Petrone, Esquire and George Thomas Lees, III, Esquire, Logan & Petrone, LLC, New Castle, Delaware. Counsel for Plaintiff.

Arthur Scott Prelle, Malvern, Pennsylvania. Pro se Defendant.

**MEMORANDUM OPINION**

April 13, 2017
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

On February 21, 2017, Defendant Arthur Scott Prelle filed a Notice of Removal of *G. Fedale General Contractors, LLC v. Prelle*, C.A. No. CPU4-16-001553, from the Court of Common Pleas of the State of Delaware in and for New Castle County ("Court of Common Pleas"). (D.I. 2). Plaintiff has filed a motion to remand. (D.I. 11). For the reasons discussed below, the Court determines that it lacks subject matter jurisdiction and will grant the motion to remand the case to the Court of Common Pleas.

Plaintiff's Complaint filed in the Court of Common Pleas raises four counts pursuant to Delaware law: breach of contract, quantum meruit, unjust enrichment, and fraud. The Complaint states that all parties are either residents of Delaware, have offices located in Delaware, or regularly conduct business in the State of Delaware. (D.I. 2 at Ex. 2). It appears from the documents attached to the notice of removal that Defendant resides in Pennsylvania as an alias summons was issued to a Pennsylvania address where he was served. The Complaint seeks damages in the amount of $15,483.00 plus pre and post judgment interest, attorneys' fees, the costs of the action, punitive damages, and such further relief as the Court deems just. (*Id.*).

Defendant asserts that removal is proper because he has a defense arising under the constitution and laws of the United States. (D.I. 1). Plaintiff moves for remand on the grounds that there is no federal question to be adjudicated and diversity jurisdiction does not exist. (D.I. 12). Defendant did not file a response to motion to remand, although he has filed two motions to dismiss (D.I. 5, 14), several answers and amended answers (D.I. 9, 13, 16, 17), and a motion for leave to amend his answer (D.I. 19). Defendant, who is not an attorney, also filed an answer on behalf of American

Holly, LLC, as its owner. (D.I. 10). However, a corporation cannot appear by a representative of the corporation and may only participate in litigation through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217 (1993); *Simbraw, Inc. v. United States*, 367 F.2d 373 (3d Cir. 1966).

In order for a case to be removable to this Court, it must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "Under the well-pleaded complaint rule, a cause of action 'arises under' federal law, and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995). A federal defense does not confer subject matter jurisdiction. *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999).

If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Kline*, 386 F.3d at 252 (citations omitted). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)). Where a motion for remand is filed, the defendant has the burden of proving that removal was proper. *Boyer*, 913 F.2d at 111.

2

The Complaint does not raise any claims under federal law and Defendant's alleged constitutional defense does not confer this Court with subject matter jurisdiction. In addition, because there is not complete diversity of citizenship among the parties, there is no diversity jurisdiction under 28 U.S.C. § 1331. The Complaint names four Defendants, three of whom are citizens of the State of Delaware as is Plaintiff. "Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires the existence of complete diversity between the parties— that is, no plaintiff can be a citizen of the same state as any of the defendants." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 579 (3d Cir. 2007) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (internal quotation marks and citations omitted).

Further, the matter in controversy does not appear to exceed the sum of $75,000, even when considering Plaintiff's prayer for punitive damages. *See Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir.1993) ("punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Laugelle v. Bell Helicopter Textron, Inc.*, 88 A.3d 110, 125 (Del. Super. 2014). Delaware's high bar for a plaintiff to recover punitive damages requires demonstration of a defendant' "outrageous conduct," "an evil motive," or "reckless indifference." (citations omitted). Finally, Defendant did not oppose remand and, as discussed above, it is his burden to prove that removal is proper. He has failed to meet his burden.

Because there is no federal question, and the requisites for diversity jurisdiction have not been met, this Court does not have subject matter over the State action. The

3

Court will grant Plaintiff's motion (D.I. 11) and will summarily remand the case to the Court of Common Pleas of the State of Delaware in and for New Castle County pursuant to 28 U.S.C. § 1447(c). All other pending motions will be dismissed without prejudice as moot. (D.I. 5, 14, 19).

An appropriate Order will issue.